UNITED STATES of America, Plaintiff—Appellee,

v.

Zenaido MENDEZ, Defendant—Appellant.

No. 02–50432.

D.C. No. CR–00–00097–VAP–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Oct. 23, 2003.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Before FISHER and BYBEE, Circuit Judges, and MAHAN, District Judge.*

MEMORANDUM**

Defendant Zenaido Mendez appeals his conviction for two counts of knowingly distributing methampethamine in violation of 18 U.S.C. § 841(a)(1). At trial, the district court admitted the government's expert witness testimony concerning drug jargon. We review this decision for an abuse of

discretion, *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir.2002), conclude that it is more probable than not that any potential error did not materially affect the verdict, *United States v. Morales*, 108 F.3d 1031, 1039 (9th Cir.1997) (citing *United States v. Crosby*, 75 F.3d 1343, 1349 (9th Cir.1996)), and affirm.

Federal Rule of Evidence 704(b) provides that "no expert witness testifying with respect to the mental state ... of a defendant in a criminal case may state an opinion or inference as to whether the defendant did ... have the mental state ... constituting an element of the crime charged...." The rule does not bar an expert from testifying to a predicate factual matter, even if the jury might infer the defendant's mental state from that testimony. *Morales*, 108 F.3d at 1033. It only prohibits testimony that, if credited, necessarily implies that a defendant possessed the requisite mens rea. *Id.* at 1037. The testimony is permitted so long as it "does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony." *Id.* at 1038.

Here, the expert did not offer an explicit opinion that "the Defendant knowingly distributed methamphetamine on the dates charged in the indictment." Such testimony would clearly embrace the ultimate factual issue of the Defendant's mens rea and fall within the scope of Rule 704(b)'s prohibition.

Nonetheless, the expert's statements came treacherously close to violating Rule 704(b). Initially, the prosecution only presented the expert with a hypothetical question that did not specifically refer to the

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Defendant: "Based on your review of those transcripts, a man who would use those words, would it indicate to you their [sic] knowledge of drug transactions?" ER 608. The expert answered affirmatively—*i.e.,* the Defendant's coded language in the transcripts was consistent with the language of a person who had knowledge of drug transactions. Rule 704(b) does not bar such predicate factual testimony. In *United States v. Gonzales,* 307 F.3d 906, 911 (9th Cir.2002), a government expert testified that a "person" possessing large quantities of drugs would have an intent to distribute them. *Gonzales* concluded this predicate testimony did not necessarily compel an ultimate inference that the defendant, who possessed large quantities of drugs, intended to distribute the drugs because a jury could still conclude the defendant was atypical. *Id.* at 911–12. *See also United States v. Plunk,* 153 F.3d 1011, 1018 (9th Cir.) (permitting expert testimony interpreting intercepted statements such as "How Hungry is Panchito? Would he like to have breakfast?" because it "allow[ed] the jurors to determine for themselves the legal significance of the conversations as interpreted"), *as amended by* 161 F.3d 1195 (9th Cir.1998).

In this case, however, the expert further testified that based on his review of the transcripts of the actual drug transactions at issue, "it appeared as though *the [D]efendant* had extensive knowledge in the dealing of methamphetamine." ER 608 (emphasis added). If the expert's testimony were credited, it is a close question whether it would be admissible. It might necessarily imply that the Defendant in the drug transactions actually at issue knowingly distributed methamphetamine. Alternatively, the expert's testimony about what "appeared" to be the case might not necessarily compel the ultimate conclusion on mens rea, as a jury could conclude that appearances are occasionally incorrect.

We need not resolve such a close issue, as any potential error in admitting the evidence in this case was harmless. The record included taped evidence that the Defendant met on several occasions with the informant, expressed his intent to sell him quality "stuff," delivered methamphetamine to him, and accepted large sums of money in exchange. In view of this evidence, the Defendant's conviction did not turn on the district court's admission of the expert's testimony.

AFFIRMED.